1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN COLEMAN,                                              No. C 08-4200 JL

          Plaintiff,                                  **ORDER DENYING REQUEST FOR**
                                                          **RECONSIDERATION**
     v.                                             **(Docket # 6 )**

CALIFORNIA DEPT. OF
REHABILITATION,

          Defendant.
_____/

**Introduction**

      Plaintiff John Coleman moves for reconsideration of this Court's order denying his

application to file in forma pauperis and dismissing his complaint with prejudice pursuant to

28 U.S.C. § 1915(e)(2). The Court considers this as a Rule 59(e) motion, since it was filed

less than ten days after entry of the judgment of dismissal.

**Factual and Procedural Background**

      Plaintiff filed a "complaint for judicial review of California Department of

Rehabilitation and Justice (Attr. Generals Office)" [sic]. He then filed his application to be

relieved of paying the filing fee as required by 18 U.S.C. § 1915, ("in forma pauperis").

Plaintiff consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c). Plaintiff

demanded a jury trial.

United States District Court

For the Northern District of California

1   The Court read the complaint multiple times, finding many criticisms of state and

2   local institutions and individuals, among them federal legislators Edward Kennedy and

3   George Miller, for not conducting proper oversight over reports of problems with the

4   California Department of Rehabilitation. Plaintiff contends that the proper forum for review

5   of these reports is the federal Department of Education, since the California Department of

6   Rehabilitation, according to Plaintiff, receives 80% of its budget from federal funds. He

7   does not allege any specific harm to himself.  The Court found that he made no specific

8   allegation of facts or law which would support jurisdiction in this Court.

9   Plaintiff purported to provide a list of complaints against the California State

10   Department of Rehabilitation and the California Attorney General's Office. He contended

11   these institutions are "in violation of the Fifth Amendment of Due Process against those

12   who per their disability by default are making claims of 'Fraud, Waste, Abuse' against the

13   Department of Rehabilitation, (also 'protected class?)." However, he did not allege any

14   constitutional violation suffered by him.

15   He contended as well that the California Department of Justice is not adequately

16   investigating the California Department of Rehabilitation for "Fraud, Waste, Abuse." He

17   contended that the disabled are registering "thousands" of reports of such every year,

18   which are not being investigated. He charged that this neglect leads to a violation of the

19   Fifth Amendment due process rights of the disabled in California. Again, he did not allege

20   any specific harm to himself.

21   He contended that the media has ignored his reports of these abuses, focusing

22   instead on "minority issues," such as gay marriage. He suggested hiring the publicists for

23   Tom Cruise or Oprah Winfrey to drum up public support for the disabled. He claimed to

24   have sought relief from the Governor's Office without success. He did not specify what

25   relief he sought or how he was injured by the media's ignoring his reports or by the

26   Governor's denying whatever relief he sought.

27   He complained of the general incompetence of Rehabilitation counselors, as not

28   having sufficient business background, or not updating their job lists frequently enough. He

**United States District Court**

For the Northern District of California

1  had numerous suggestions for improving their performance. Again, he d not allege that the

2  counselors had any impact on him in particular.

3       He finally alleged that he filed a complaint in Superior Court contesting the

4  Department of Rehabilitation "shooting down" his proposal, without any specifics about the

5  proposal. He received a ruling from the Court granting the motion to strike his claim for

6  damages. In his complaint he asked this Court to ask for a "financial scheme or guideline"

7  to "send a message to this Department." He attached his Superior Court Petition for a Writ

8  of Mandamus to his Complaint.

9       The Petition asked for the court to review a decision of the Department of

10 Rehabilitation Appeals Board. He argued that the Board's denial of his appeal was "an

11 egregious abuse of discretion," and that the hearing did not give him his full due process

12 rights. He asked the Superior Court to either issue a writ of mandamus restraining the

13 Department of Rehabilitation from closing his file or, in the alternative, to order the

14 Department to grant him the option of his choosing a self-employment plan. He also

15 requested $2,500,000.00 in settlement and $50,000.00 in costs. This was presumably the

16 same claim for damages for which the Superior Court granted the motion to strike. Again,

17 he did not seek any relief against the Superior Court which would confer jurisdiction on this

18 Court. Nor did he appeal the decision to a higher state court.

19      This Court concluded that under the applicable law it should deny in forma pauperis

20 status if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28

21 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in

22 fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (found to be superseded on other

23 grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state

24 a claim mandatory, see, e.g., *Lopez v. Smith*, 203 F.3d 1122, 1126 (9thCir.2000); *Cruz v.

25 Gomez,* 202 F.3d 593, 596 (2d Cir.2000)).

26      Where a complaint fails to state "any constitutional or statutory right that was

27 violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable

28 basis in law" under *Neitzke* and the court on its own initiative may decline to permit the

**United States District Court**
For the Northern District of California

1   plaintiff to proceed and dismiss the complaint under section 1915(d). *Cato v. United States*,

2   70 F.3d 1103, 1106 (9th Cir.1995).

3         If the pro se plaintiff can cure the factual allegations in order to state a claim, the

4   court may give leave to do so. However, if repleading cannot cure the deficiencies the court

5   may dismiss without leave to amend and even dismiss with prejudice. See *Cato v. United*

6   *States*, 70 F.3d at 1106.

7         In the case at bar, the Court found that Plaintiff stated only broad general allegations

8   of wrongdoing and his sole specific complaint of injury to himself was that the Board of

9   Appeals of the California Department of Rehabilitation ruled against him in some

10  unspecified way and that the California Superior Court did not grant him relief. He did not

11  appeal the Superior Court decision to a higher State court. This Court, despite a diligent

12  search through Plaintiffs' complaint, could not find a coherent claim for any wrong done to

13  him which would confer jurisdiction on this Court. Plaintiff did not present a colorable claim

14  that he suffered violation of any federal statute or constitutional right by the Department of

15  Rehabilitation or the Superior Court, whose ruling he did not appeal, thereby failing to

16  exhaust his remedies under state law. This Court found his complaint to be baseless,

17  legally and factually frivolous, and subject to dismissal with prejudice prior to service on

18  Defendants, since this Court had no jurisdiction.

19        Accordingly, this Court denied Plaintiff's application to file in forma pauperis and

20  dismissed his complaint with prejudice. Judgment of dismissal was entered October 17,

21  2008. Plaintiff filed a Request for Reconsideration on October 31.

22                    **Plaintiff's Request for Reconsideration**

23        Plaintiff filed a six-page single-spaced document on Yahoo! Notepad, expressing

24  surprise at the Court's ruling. He offered to "meet [the Court] halfway" by agreeing that the

25  prose of his complaint was not the best. He asked this Court to reconsider its ruling, at

26  least in part because Magistrate Judge Brazil and Magistrate Judge Chen have granted his

27  IFP applications, in C-08-3789 and C-08-3921, respectively. This Court notes that the first

28  case is a Social Security disability appeal, on entirely different facts and law than this case,

**United States District Court**
For the Northern District of California

1  and that in the second case, Judge Chen granted Plaintiff's IFP application and then in the

2  same order dismissed the case with prejudice.

3                                   **Analysis and Conclusion**

4       A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly

5  unusual circumstances, unless the district court is presented with newly discovered

6  evidence, committed clear error, or if there is an intervening change in the controlling law.' "

7  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (per curiam)

8  (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th

9  Cir.1999)). This type of motion seeks "a substantive change of mind by the court." *Tripati v.*

10 *Henman*, 845 F.2d 205, 206 n. 1 (9th Cir.1988) (quoting *Miller v. Transamerican Press*,

11 Inc., 709 F.2d 524, 526 (9th Cir.1983)).

12      Under Rule 59(e), reconsideration is appropriate if the district court "(1) is presented

13 with newly discovered evidence, (2) committed clear error or the initial decision was

14 manifestly unjust, or (3) if there is an intervening change in controlling *law." Sissoko v.*

15 *Rocha*, 440 F.3d 1145, 1154 (9th Cir.2006) (citing *Dixon v. Wallowa County*, 336 F.3d

16 1013, 1022 (9th Cir.2003) (internal quotation marks omitted)). "There may also be other,

17 highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS,*

18 *Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (citations omitted). However, "motions to reconsider

19 are not vehicles permitting the unsuccessful party to 'rehash' arguments previously

20 presented." *United States v. Navarro*, 972 F.Supp. 1296, 1299 (E.D.Cal.1997) (rejecting

21 "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under

22 Fed.R.Civ.P. 59(e)).

23      Plaintiff appears to be arguing that this Court committed clear error.

24      Plaintiff's main objection to this Court's decision appears to be that the Court did not

25 thoroughly read or consider his complaint. He argues that he did indeed allege specific

26 violations of his Fifth Amendment right to due process, and his right not to be deprived of

27 life, liberty, or property, without due process of law. He alleges as specific harm to himself

28 that he has no recourse to force an investigation of the California Department of

C-08-4200 ORDER DENYING REQUEST FOR RECONSIDERATION                          Page 5 of 7

**United States District Court**
For the Northern District of California

1 Rehabilitation except to file a "Fraud, Waste and Abuse case" with the U.S. Department of

2 Education. He argues also that the Governor's office has "passed the buck" about problems

3 in the Department of Rehabilitation, but again does not describe how this affects him

4 personally in a way which would give him standing to sue in federal court.

5 His litany of complaints includes that a Supervisor at the Department of

6 Rehabilitation sent him a list of "non-existent counselors," and that a job counselor sent him

7 looking for "jobs that don't exist."  He also argues that his counselor at the Department of

8 Rehabilitation sent him a letter that the Department had terminated his file, having provided

9 him with "all the help they could," and Plaintiff then asks the Court to find, "[w]asn't that

10 fraud?" He also argues that he advised this Court that he had requested a different

11 counselor but had been told none was available, but does not elaborate on how that

12 violated his rights.

13 Plaintiff has quite a number of additional comments on city and state governments

14 and the judiciary, all of them critical. Again, the purported failings of mayors, fire chiefs,

15 judges, police chiefs, and others do not create grounds for a lawsuit by Plaintiff in federal

16 court.

17 The Court re-examined its decision and once more attempted to excavate Plaintiff's

18 complaint to find some foundation upon which federal jurisdiction could be built, if the Court

19 permitted Plaintiff to amend his complaint. Unfortunately for Plaintiff, the Court is unable to

20 find even the rubble of such a foundation. The Court looked long and hard at Plaintiff's

21 issues - the alleged administrative shortcomings of the Department of Rehabilitation, the

22 vagaries of administrators who fail to give him the counselor he wants, the

23 uncooperativeness of those counselors and their supervisors, the inattention of the

24 Governor to Plaintiff's priorities, and the adverse rulings of the Superior Court which he

25 nonetheless didn't appeal. The Court remains convinced that none of the faults and failings

26 of either the Department of Rehabilitation, the State of California, or the California Superior

27 Court as alleged by Plaintiff could amount to a cause of action in federal court, even if the

28 Court gave Plaintiff leave to amend.

1   Accordingly, Plaintiff's request for reconsideration is denied.

2   IT IS SO ORDERED.

3 DATED: January 29,  2009

4

5              JAMES LARSON
               Chief Magistrate Judge
6

7

8

9

10

11  G:\JLALL\CHAMBERS\CASES\CIVIL\08-4200\order deny 6.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California